UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICE WALLACE, | 1:06-CV-00597-AWI-SMS-(PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ORDER FOR CLERK TO SEND COMPLAINT FORM |
| T. HEFNER, | |
| Defendant. | THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT |

I.   Screening Order

    A.    Procedural History

Patrice Wallace ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 17, 2006.

    B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
5  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
6  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
7  Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
8  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may
9  dismiss a complaint only if it is clear that no relief could be granted under any set of facts that
10 could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment
11 motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."
12 Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant
13 is entitled to offer evidence to support the claims. Indeed it may appear on the face of the
14 pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
15 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see
16 also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put
17 the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977
18 (9th Cir. 2001)). However, "the liberal pleading standard . . . applies only to a plaintiff's factual
19 allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a
20 civil rights complaint may not supply essential elements of the claim that were not initially pled."
21 Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of
22 Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

23  C.   Summary of Plaintiff's Complaint

24  Plaintiff is currently incarcerated at Valley State Prison for Women in Chowchilla,
25 California, and the events at issue in this action allegedly occurred there. The complaint alleges
26 that on June 15, 2005, in the process of conducting a body search on plaintiff, Correctional
27 Officer Hefner ("defendant") pushed plaintiff down and broke her ankle. Plaintiff is seeking
28 money damages for pain, suffering, and mental distress.

D. Excessive Force Claim

1. Legal Standard

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)).

3

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

### 2. Discussion

Plaintiff alleges that on June 15, 2005, defendant stopped plaintiff on the prison yard and took her into an office to conduct a body search. Plaintiff states that defendant asked her to give her the paper towel which plaintiff had inside her bra. Plaintiff alleges she just stood there holding the paper towel, and defendant backed out of the room requesting back up assistance. When plaintiff went to flush the paper towel, defendant came from behind and pushed her down, breaking plaintiff's ankle. Plaintiff alleges that defendant also fell down. Plaintiff alleges she suffered a broken ankle as a result of defendant's conduct, causing pain, suffering, and mental distress. (Comp. at 3.)

Even construing plaintiff's complaint in the light most favorable to plaintiff, plaintiff's allegations are not sufficient to give rise to a claim for relief against defendant for violation of plaintiff's Eighth Amendment rights. Plaintiff has not alleged facts indicating that the force used by defendant was not a de minimus use of physical force applied in a good-faith effort to maintain or restore discipline. Therefore, the court finds that plaintiff fails to state a claim against defendant for violation of her rights under the Eighth Amendment.

///

### 3. Conclusion

Plaintiff's complaint fails to state a cognizable claim for relief under § 1983 against defendant. Accordingly, the court finds that plaintiff's claim should be dismissed for failure to state a claim under § 1983. Plaintiff will be provided with an opportunity to amend the complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed she must demonstrate in her complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how the defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that the core judicial inquiry for an excessive force claim under the Eighth Amendment is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. To determine whether plaintiff states a claim in the amended complaint, the court may evaluate whether there was a need for application of force, the relationship between that need and the amount of force used, whether defendant reasonably perceived a threat, and whether any efforts were made to temper the severity of a forceful response. Plaintiff should allege more facts to explain the circumstances surrounding the event, such as why defendant stopped her on the yard, why defendant conducted a body search, why defendant requested back up assistance, why plaintiff decided to flush the paper towel, what may have prompted defendant to use force, and what amount of force was used. To state a claim, plaintiff must give enough facts to show that she is entitled to relief.

Finally, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. Plaintiff's failure to file an amended complaint in compliance with this order may result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:    October 19, 2007**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE